**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| CATHERINE FERREIRA., | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | **CIVIL ACTION** |
|  | ) | **No. 14-40056-TSH** |
| FRAMINGHAM HOUSING AUTHORITY; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; CCO MORTGAGE; CITIZENS RBS FINANCIAL GROUP, INC. | ) | |
| Defendants | ) | |
|  | ) | |
|  | ) | |

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' CCO MORTGAGE AND CITIZENS FINANCIAL GROUP'S
MOTION TO DISMISS
March 12, 2015

**HILLMAN, District Judge**

**Background**

Plaintiff, Catherine Ferreira ("Plaintiff") has filed a Complaint against defendants, Framingham Housing Authority ("FHA"), the U.S. Department of Housing and Urban Development, CCO Mortgage ("CCO"), and Citizens Financial Group, Inc. ("Citizens") alleging that Defendants violated banking and lending laws in the serving of her loan and further, discriminated against her based on her public assistance status. Citizens and CCO filed a motion to dismiss for failure to state a claim, or in the alternative, a motion for a more definite statement. For the following reasons, the motion to dismiss is granted.

**Facts**

Plaintiff, a former recipient of the Section 8 tenant-based housing program administered by the FHA, was offer the opportunity to participate in the Section 8 Homeownership Program[1] in 2002.  Plaintiff received preapproval from Citizens Bank in October of 2002 and located at house at 9 Fairview Road in Westboro, Massachusetts.  Working within the constraints of the Homeownership Program along with the FHA, Plaintiff purchased the house and was granted a mortgage from Citizens.  Plaintiff closed on the purchase December 30, 2002.

Under the most liberal and generous construction, Plaintiff's complaint offers a detailed history of her years of dissatisfaction with the servicing of her mortgage, the manner in which her payments are posted, and alleged hostility shown to her by customer service representatives at CCO because of her "public assistance status."  The Court can find no facts in the complaint which suggest any illegal pattern of practice or discriminatory practice on the part of Citizens or CCO – the facts suggest that Plaintiff still owns her home, is maintaining her mortgage under the guidelines by which she agreed and although has endured some "red tape" in the process, has not been subject to anything rising to the level of discrimination.

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must "possess enough heft" to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A case has 'facial plausibility' when plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Plausible, of course, means more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the Court] 'to draw on' [its]

---

[1] On October 12, 2000, the United States Housing and Urban Development Department implemented the Homeownership Option, Section 8(y) of the United States Housing Act of 1937, as amended by Section 555 of the Quality Housing and Work Responsibility Act of 1998.

'judicial experience and common sense.'" *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1ˢᵗ Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679).

Accepting the factual accounts contained in the Complaint as true and drawing all reasonable inferences in her favor, Plaintiff cannot state a claim upon which relief can be granted. *Hyde v. Massachusetts*, CIV.A. 04-12429RWZ, 2006 WL 753247, at *2 (D.Mass. Mar. 23, 2006) *aff'd sub nom. Hyde v. Massachusetts*, 219 F. App'x 20 (1ˢᵗ Cir. 2007) (dismissing remaining portions of *pro se* plaintiff's complaint because the "allegations, which are largely indecipherable, fail to set forth any cognizable claims for relief."). Plaintiff's status as a *pro se* litigant neither exempts her from the pleading requirements of the Federal Rules of Civil Procedure, nor entitles her to deference. *Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D.Mass. 2001) (dismissing *pro se* plaintiff's action for failure to state a claim, noting that "pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim.").

Although I am sympathetic to Plaintiff's situation, I am compelled to apply the laws as they are written. For that reason, Defendants' motion to dismiss is **granted**.

IT IS SO ORDERED.

/s/ *Timothy S. Hillman* _____
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**