UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14CV400-56-TSH

CATHERINE FERREIRA,             )
    Plaintiff                )
                                )
V.                              )
                                )
FRAMINGHAM HOUSING AUTHORITY    )
U.S. DEPARTMENT OF HOUSING AND  )
URBAN DEVELOPMENT               )
CCO MORTGAGE                    )
CITIZENS RBS FINANCIAL GROUP, INC.,)
    Defendants               )

OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Now comes the Defendant, Framingham Housing Authority ("FHA") who opposes the plaintiff's May 13, 2015 motion to amend the complaint unless the complaint is further amended to omit allegations outside of the applicable statutes of limitation.

The plaintiff's amended complaint seeks relief under the Fair Housing Act, the plaintiff is aware of the statute of limitations of two years following a discriminatory practice to file a civil action in federal court under that statute. The action was filed May 1, 2014. The complaint should allege causes of action that arose on or after May 1, 2012. A significant portion of the initial complaint and the amended complaint relates to events that occurred outside that time frame. The plaintiff alleges in paragraph 101 of the original complaint that she was aware in February 2014 that she only had three more days to file a housing discrimination case, however the complaint was not filed until May 1, 2014. Although the plaintiff has stated that she is aware

1

of the two year statute of limitations of the Fair Housing Act, 42 USC § 3613(a)(1), the proposed amended complaint does not take that into account.

The plaintiff alleges in paragraph 1 that the complaint alleges discrimination against a disabled person, however paragraphs 31 through 61 relate to events that occurred before any disability is alleged. To the extent the complaint relies on the Rehabilitation Act, the statute of limitations for actions under that statute appears to be three years. A substantial portion of the complaint relates to events outside that time frame.

A substantial portion of the amended complaint relates to issues the plaintiff had with the mortgage servicing company, and not to the Framingham Housing Authority.

The amended complaint appears to name Rosemary Garneau and John O'Donnell individually without reciting any facts in support of their personal liability. The plaintiff is opposed to naming them individually as defendants.

Wherefore the Framingham Housing Authority objects to the plaintiff's motion to amend the complaint in the form of the proposed amended complaint.

            Framingham Housing Authority
            By Its Attorneys
            Mayer, Antonellis, Jachowicz &Haranas

            By /s/ Robert P. Jachowicz
              Robert P. Jachowicz
              BBO #248380
              439 Worcester Road
              Framingham, MA 01701
              508-620-0140
              rjachowicz@hkwg.com

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on May 18, 2015.

/s/ Robert P. Jachowicz
Robert P. Jachowicz BBO 248380
rjachowicz@hkwg.com