UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE FERREIRA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 14-40056-TSH |
| FRAMINGHAM HOUSING AUTHORITY, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, CCO MORTGAGE, CITIZENS RBS FINANCIAL GROUP, INC., | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF HUD'S MOTION TO DISMISS

The United States requests that the Court dismiss the Complaint as against the U.S. Department of Housing and Urban Development ("HUD"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### I. PLAINTIFF HAS NEVER EFFECTED SERVICE UPON THE UNITED STATES

Plaintiff served a summons and the Complaint upon Defendant HUD on September 3. 2014. More than a year after the Complaint was filed, on May 1, 2014, Plaintiff has never served the United States Attorney and the U.S. Department of Justice, and Plaintiff did not timely show cause for her failure to effect service.

Federal Rule of Civil Procedure 4(i)(1) provides that, if a party wishes to bring a claim against the United States, that party must: (A) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . ," and (B) "send a copy of each by registered or certified mail to the Attorney

1

General of the United States . . . ." and "(C) if the action challenges an order of the United States, send a copy of each by registered or certified mail to the agency or officer." Rule 4(m), Federal Rules of Civil Procedure, establishes a qualified time limit for service of process:

> If a defendant is not served within 120 days after the complaint is filed – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, if a plaintiff fails to effect the service required by Rule 4(i)(1), within 120 days of filing his complaint, the Complaint may be dismissed unless the plaintiff shows "good cause" for the delay. Feliz v. MacNeill, 493 Fed. Appx. 128 (1st Cir. 2012). Local Rule 4.1, United States District Court for the District of Massachusetts, imposes a strict time limit on a plaintiff's opportunity to file a motion for enlargement of time for completing service, upon good cause shown. The motion is required to be filed within fourteen days after the 120 day period has run. Rule 14.1(B). Thereafter, pursuant to Local Rule 4.1(B), the clerk "shall forthwith automatically enter an order of dismissal for failure to effect service of process, . . ." Local Rule 4.1(A) provides, "Any summons not returned with proof that it was served within 120 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)."[1]

---

[1] "Good cause" within the meaning of Local Rule 4.1(b) is called into play only in instances where substantial compliance with service rules has been effected; Precision Etching & Findings v. LGP Gem Ltd., 953 F.2d 21, 24 (1st Cir. 1999); where minor, technical error resulted in defect of service; Burke v. City of Boston, 1999 WL 1338355 (1st Cir. 1999); or where there were other circumstances such as evasion of service or understandable mistake in identification of defendant's agent; Varela v. Velez, 814 F.2d 821, 823 (1st Cir. 1987).

The procedural requirements of service must be satisfied before a federal court may exercise jurisdiction over a defendant. Omni Capital Internat'l v. Rudolf Wolfe & Co., Ltd., 484 U.S. 97, 104 (1987) (notice insufficient to establish jurisdiction); Mississippi Publishing Co. v. Murphree, 326 U.S. 438, 444045 (1946). "Service of process, under longstanding tradition our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1990). The burden is upon the plaintiff to establish that he properly served the defendant and, when relevant, to show good cause for any violation of the 120-day time limit. Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 (1st Cir. 1986). The District Court is not obligated to wait indefinitely unless a plaintiff decides when and if to effect service. Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998), and indeed, the Court is required by Local Rule 4.1(B) to dismiss an unserved complaint sua sponte, 14 days after the 120-day period for service has expired.

Accordingly, because Plaintiff has failed to effect service upon the United States, in violation of Rule 4(i)(1)(A) and (B), HUD requests that the Complaint be dismissed.

## II. PLAINTIFF HAS FAILED TO COMPLY WITH RULE 8, FCRP

The Complaint should also be dismissed because it does not comply with Rule 8, Federal Rules of Civil Procedure. Rule 8(a) requires that a plaintiff include in her complaint, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must set forth "factual allegations, either direct or inferential, respecting each material element

necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Corp., 851 F.2d 513, 515 (1st Cir. 1988). In evaluating the sufficiency of a plaintiff's factual allegations, the court must take the well-pleaded factual allegations as true and indulge every reasonable inference in plaintiff's favor. Langadinos v. American Air Lines, Inc., 199 F. 3d 68, 69 (1st Cir. 2000). And the complaint of a pro se plaintiff should be read with an indulgent, and not a hypercritical eye, Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "a petitioner who elects to proceed pro se must comply with the applicable procedural and substantive rules of law." Lefebre v. C.I.R., 830 F.2d 417, 419 (1st Cir. 1987).

Here, the Complaint must be dismissed for failure to state a claim because it is "beyond doubt that the plaintiff can prove no set of facts in support of . . . claim which would entitle . . . to relief." Morales-Tanon v. Puerto Rico Electric Power Authority, 524 F.3d 15, 18 (1st Cir. 2008). The Complaint violates the requirement of setting forth, as against HUD, "factual allegations of each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Corp., 851 at 515. No "actionable legal theory" has been set forth and no facts alleged that would entitle Plaintiff to relief against the United States for any actions of HUD or its employees. Plaintiff does not allege any violation of law by the United States and does not allege any duty on the part of the United States to comply with whatever relief she may be requesting. Indeed, the Complaint does not set forth what action is complained of. Granting all inferences in Plaintiff's favor; see Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 51 (1st Cir. 2011); the Complaint shows no prospect of success. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, because it alleges no facts relating to a viable cause of action

4

against the United States, the Complaint is in violation of Rule 8, Federal Rules of Civil Procedure, and is required to be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6)

### III. CONCLUSION

For the foregoing reasons, the Defendant HUD requests that the Court dismiss the Complaint.

Respectfully submitted

CARMEN M. ORTIZ
United States Attorney


/s/ Anita Johnson
ANITA JOHNSON
Assistant U.S. Attorney
Moakley United States Courthouse, 9200
One Courthouse Way
Boston MA 02210
Bar No. 565540
617-748-3266
Anita.johnson@usdoj.gov


Certificate of Service

I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve Plaintiff electronically, on this 27th day of May 2015.


/s/ Anita Johnson